Karron WALPOLE, Plaintiff—
Appellant,

v.

CITY OF MESA, an Arizona political
entity, Defendant—Appellee.

No. 04–15168.

D.C. No. CV–02–01013–PHX–RCB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 16, 2005.

Decided Jan. 10, 2006.

Mark F. Brinton, Law Office of Mark F. Brinton, PC, Mesa, AZ, Karron Walpole, Apache Junction, AZ, for Plaintiff–Appellant.

Rosemary H. Rosales, Mark D. Ishikawa, Mesa, AZ, for Defendant–Appellee.

Before SCHROEDER, Chief Judge, FARRIS, and CALLAHAN, Circuit Judges.

MEMORANDUM *

Appellant Karron Walpole sued her employer, the City of Mesa ("the City"), under 42 U.S.C.2000e et seq. ("Title VII"). She alleged that her co-worker, Jack Beezley, sexually harassed her when he became romantically interested in her after a nine-month friendship. The City filed a motion for summary judgment on the ground that Walpole failed to establish that she had been subjected to a hostile work environment. The district court granted summary judgment in favor of the City and Walpole filed this timely appeal. We affirm.

The district court's conclusion as to whether a plaintiff has established sexual harassment presents a mixed question of law and fact, which we review de novo. *Nichols v. Azteca Rest. Enters.*, 256 F.3d 864, 871 (9th Cir.2001). We must determine, viewing the evidence in the light

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

most favorable to Walpole, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Olsen v. Idaho State Bd. of Med.,* 363 F.3d 916, 922 (9th Cir.2004). Summary judgment may be affirmed on any ground supported by the record. *Enlow v. Salem–Keizer Yellow Cab Co.,* 371 F.3d 645, 649 (9th Cir. 2004).

Walpole must demonstrate that (1) she was subjected to verbal or physical conduct of a sexual nature, (2) the conduct was unwelcome, and (3) the conduct was sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment. *Little v. Windermere Relocation, Inc.,* 301 F.3d 958, 966 (9th Cir.2002).

The record establishes that Walpole and Beezley began a mutual friendship in January 2000. During the nine or ten months that followed, Walpole acknowledges that the two exchanged a few gifts and cards, shared confidences, and had lunch together on occasion. Walpole told Beezley that the relationship had "gone too far" however, by September or October 2000, after Beezley had twice held her hand, asked permission to kiss her on the cheek, and told her that he loved her.

On October 22, 2000, Walpole became aware that Beezley was staring at her as she closed her work station. The next morning, Walpole told Beezley that he was making her uncomfortable and to leave her alone. Shortly thereafter, Walpole informed her supervisor about the incident, but expressly requested her not to speak to Beezley because Walpole wanted to handle the situation herself.

Eight months later, on June 29, 2001, Walpole noticed that Beezley was again staring at her while she ate lunch. Later that day, after reporting the incident to her supervisor, Walpole was told that three of her co-workers had noticed Beezley staring at her during the previous week or two. The City immediately removed Beezley from the building and reassigned him. Walpole contends that the two staring incidents, coupled with Beezley's earlier failed attempts at romance, are sufficiently severe and pervasive to constitute sexual harassment.

Conduct is sufficiently severe or pervasive under Title VII when "the workplace is permeated with discriminatory intimidation, ridicule, and insult." *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993) (*quoting Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 65, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986)). To satisfy this requirement, Walpole must prove that her workplace was "both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so." *Faragher v. City of Boca Raton,* 524 U.S. 775, 787, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998). The required level of severity or seriousness "varies inversely with the pervasiveness or frequency of the conduct." *Ellison v. Brady,* 924 F.2d 872, 878 (9th Cir.1991). "Simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Faragher,* 524 U.S. at 788, 118 S.Ct. 2275 (internal quotation marks and citations omitted).

In this case, the pervasiveness of Beezley's alleged misconduct (staring) was minimal. The severity of the behavior is equally questionable. There is no evidence that Beezley's conduct was physically threatening or humiliating, that it unreasonably interfered with Walpole's work

performance, *Clark County Sch. Dist. v. Breeden,* 532 U.S. 268, 271, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001), or that the work environment was "permeated with discriminatory intimidation, ridicule, and insult." *Harris,* 510 U.S. at 21, 114 S.Ct. 367.

On the contrary, the evidence suggests that Walpole did not find her work environment objectively or subjectively hostile. Indeed, Walpole expressly admitted that she was able to go about her business worry-free from October 24, 2000 to June 29, 2001. Accordingly, Walpole failed to establish that Beezley's conduct was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive working environment. *Windermere,* 301 F.3d at 966.

Walpole argues that the City should be held liable for sexual harassment nevertheless, because it did not investigate her first complaint in October 2000. This argument is unavailing. Liability attaches under Title VII when sexual harassment *occurred* and the employer knew or should of known about it, but did nothing to stop it. *See Nichols,* 256 F.3d at 875; *see also* 29 C.F.R. § 1604.11(d) (EEOC Guidelines). Here, because Walpole did not establish that sexual harassment occurred, liability does not attach.

**AFFIRMED.**